Filed 1/27/15  P. v. Flenoury CA2/1

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JERRY EMMIT FLENOURY,<br><br>    Defendant and Appellant. | B255596<br><br>(Los Angeles County<br>Super. Ct. No. TA094289) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Dismissed.

Jerry Emmit Flenoury, in pro. per.; and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Appellant Jerry Emmit Flenoury was convicted of attempted first degree residential burglary, in violation of Penal Code sections 664 and 459,[1] and subsequently found true two prior "strike" allegations. Flenoury was sentenced to state prison for 35 years to life, including 25 years to life as a third-strike offender and five years each for two serious prior conviction enhancements under section 667, subdivision (a)(1).[2]

On December 6, 2012, Flenoury filed a petition to recall his sentence pursuant to section 1170.126. On February 7, 2013, the trial court denied that petition on the ground that Flenoury's conviction for attempted first degree burglary, a serious felony, rendered him ineligible for resentencing.

On March 11, 2013, Flenoury filed another petition for recall of sentence pursuant to section 1170.126. On March 26, 2013, the trial court found again that Flenoury's conviction rendered him ineligible for resentencing, and denied the petition with prejudice.

Flenoury filed a third petition for recall on May 6, 2013, and a public defender was appointed to represent him. Flenoury stipulated that Judge Ryan (the same judge who had ruled on his two prior petitions) could determine that petition, which is the subject of this appeal. On March 6, 2014, Judge Ryan found that Flenoury's conviction for attempted first degree burglary, a serious felony pursuant to section 1192.7, subdivision (c)(39), rendered him ineligible for resentencing under section 170.126, subdivision (e)(2). The court dismissed the petition, noting that if Flenoury wished to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] A complete recitation of the factual and legal background of this matter is contained in our opinion in Flenoury's prior appeal, *People v. Flenoury* (May 26, 2010, B213103) [nonpub. opn.], as to which we granted Flenoury's request for judicial notice.

challenge the denial of his earlier petition, his remedy was to seek relief in this court.[3] This timely appeal followed.

We appointed counsel to represent Flenoury on appeal. After examination of the record, Flenoury's counsel filed an opening brief raising no issues, and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) Flenoury was notified that he could file his own brief raising any legal grounds or argument he wished us to consider. He filed a supplemental brief in propria persona in which, in addition to seeking relief which, if available, he could obtain only in federal court, he complains that the trial court erred in refusing to reconsider his eligibility for resentencing under section 1170.126. He also argues that there was insufficient evidence to support his convictions as to the priors and, as a result, the trial court erred in refusing to strike a strike.[4]

Flenoury has failed to raise any arguable issues on appeal. Therefore, we decline to retain the case, and will dismiss the appeal as abandoned. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503–504.)

---

[3] Very recently, in *Teal v. Superior Court* (2014) 60 Cal.4th 595, our Supreme Court held that the denial of a motion for recall and resentencing is an appealable postconviction order. (*Id*. at pp. 599–601.)

[4] *Wende* review is available only in a first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500–501; see *Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 543–544; *People v. Kelly* (2006) 40 Cal.4th 106, 119.) Such review is required only for "appointed appellate counsel's representation of an indigent criminal defendant in his first appeal as of right." (*In re Sade C*. (1996) 13 Cal.4th 952, 978; *People v. Taylor* (2008) 160 Cal.App.4th 304, 312.) Because Flenoury's appeal from a postconviction order dismissing his petition for recall of sentence is not a first appeal of right, he is not entitled to *Wende* review given that appointed counsel found no arguable issues on appeal. (*Serrano*, at p. 501.)

## DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

CHANEY, Acting P. J.

BENDIX, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.